UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>M. POLLARD, et al.,<br><br>            Defendants. | No.  2: 21-cv-0164 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis.  For the reasons stated herein, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayments of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was  dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).

If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Plaintiff has filed numerous lawsuits in this district. District Judges England, Nunley and Mueller have each held that plaintiff accrued three strikes prior to filing the complaints in those cases. See Blackman v. Skelton, No. 2:18-cv-3273 MCE EFB (June 17, 2019 Order); Blackman v. Voong, 2:18-cv-0216 TLN AC (Mar. 16, 2018 Order); Blackman v. Dixon, 2:18-cv-0079 KJM AC (Aug. 1, 2019 Order). In each case, the following prior cases were identified as strikes:

1. Blackman v. Hartwell, No. 1: 99-cv-5822 REC HGB (E.D. Cal.) (case dismissed on March 12, 2001 for failure to state a claim);

2. Blackman v. Variz, No. 3:06-cv-6398 SI (N.D. Cal.) (case dismissed on December 18, 2006 for failure to state a claim);

3. Blackman v. Mazariegos, No. 3:06-cv-7625 SI (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim; case subsequently dismissed on September 4, 2007, for failure to file an amended complaint); and

4. Blackman v. Mazariegos, No. 3:07-cv-2021 SI (N.D. Cal.) (case dismissed on September 5, 2007 for failure to state a claim).

Each of these cases was dismissed prior to the filing of the complaint in the present case as well. Accordingly, plaintiff accrued three strikes prior to filing this case and may not proceed unless he can show he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as

overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm." Id. at 1057, n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. "Vague and utterly conclusory assertions" of harm are insufficient to meet the imminent danger exception to § 1915(g). White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

The undersigned has reviewed plaintiff's complaint filed January 28, 2021. Plaintiff appears to name 226 defendants.[1] Plaintiff's claims are difficult to understand. Plaintiff appears to allege that he was not allowed to receive property he purchased from Sears and Best Buy. Plaintiff alleges that he was denied law library access. Plaintiff alleges that he was denied nutritious food and a pay number. Plaintiff appears to allege that some defendants confiscated his money order. Plaintiff alleges that he was involuntarily transferred by defendants in order to prevent plaintiff from exhausting administrative remedies. Plaintiff alleges that he was improperly celled with a rapist and murderer. Plaintiff does not allege when this occurred. Plaintiff alleges that his administrative appeals were improperly processed and improperly denied.

Plaintiff's complaint includes other claims in addition to those claims listed above. After reviewing plaintiff's complaint, the undersigned finds that plaintiff has not demonstrated that he is under imminent danger of serious physical injury. Accordingly, plaintiff's application to proceed in forma pauperis should be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action;

IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied, and plaintiff be ordered to pay the $400 filing fee within thirty days of the district court's adoption of these findings and recommendations.

////

---

[1] It appears that all defendants but for two are located at the R.J. Donovan Correctional Facility ("RJDCF") in San Diego County. Plaintiff is housed at RJDCF. Two defendants, i.e., A. Vasquez and K. Brack, are located in Sacramento, California. Venue is appropriate in this court because two defendants are located in this district. 28 U.S.C. § 1391(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 3, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Black164.56